UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

UNITED STATES OF AMERICA

vs.                                          2:08-cr-129-FtM-29SPC

ASHRAF MOHAMMED
_____

**OPINION AND ORDER**

On June 29, 2009, United States Magistrate Judge Sheri Polster Chappell submitted a Report and Recommendation (Doc. #39) to the Court recommending that Defendant's Motion to Suppress Evidence (Doc. #20) be denied. Objections (Doc. #42) were filed by the defendant on July 17, 2009.

**I.**

After conducting a careful and complete review of the findings and recommendations, a district judge may accept, reject or modify the magistrate judge's report and recommendation. 28 U.S.C. § 636(b)(1); Williams v. Wainwright, 681 F.2d 732, 732 (11th Cir. 1982), cert. denied, 459 U.S. 1112 (1983). A district judge "shall make a *de novo* determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). This requires that the district judge "give fresh consideration to those issues to which specific objection has been made by a party." Jeffrey S. v. State Bd. of Educ. of Ga., 896 F.2d 507, 512 (11th Cir. 1990)(quoting

H.R. 1609, 94th Cong., § 2 (1976)). The district judge reviews legal conclusions *de novo*, even in the absence of an objection. See Cooper-Houston v. Southern Ry. Co., 37 F.3d 603, 604 (11th Cir. 1994).

**II.**

The Report and Recommendation found against defendant as to all four grounds of the motion to suppress. Specifically, the magistrate judge found that the initial stop of the vehicle was lawful, the subsequent detention and search of the vehicle were lawful, there was a valid consent to search the vehicle, and statements made by defendant were not in violation of his rights under Miranda v. Arizona, 384 U.S. 436 (1966). Defendant objects to the findings as to all issues except the initial stop of the vehicle (Doc. #42, p. 2).

**A. Defendant's Consent to Search of Vehicle**

Defendant objects to the magistrate judge's reliance upon the testimony of the officers, asserting that the magistrate judge failed to recognize "that none of the officers had a sufficient recollection of the incident to provide testimony that warrants reliance." (Doc. #42, p. 2.) This is so, defendant argues, because the magistrate judge concentrated on the direct examination of the officers and failed to address the cross-examination.

It is clear to the Court that the magistrate judge considered all the evidence, including defendant's cross-examination of the

witnesses, in arriving at her findings, conclusions and recommendations. The Court has read the transcript of the testimony (Doc. #31), including the cross examination and the oral argument (Doc. #37). The Court found nothing that casts doubt upon either the credibility judgments made by the magistrate judge or her findings and conclusions. Verbatim recollections of conversations have never been required, and a witness's testimony as to his usual practice may properly be relied upon. E.g., Dasher v. Attorney General, Fla., ___ F.3d ___, No. 08-10363, 2009 WL 2003323, *3 (11th Cir. July 13, 2009). After independent review, the Court finds that the evidence established a valid consent. Defendant's objection to the contrary is overruled.

**B. Miranda Warnings**

The Court also rejects defendant's factual objection to the findings that Miranda warnings were read to him. There was no evidence that Miranda warnings were not read, and all three witnesses testified that in fact Miranda warnings were read. Cross-examination failed to cast doubt on the proposition that such warnings were given, and defendant's argument that there were no Miranda warnings ever given is overruled.

The second issue relates to the timing of the Miranda warnings, i.e., whether the Miranda warnings were read after the bullets were found or after the gun was found. The magistrate judge found that Miranda warnings were given after the bullets were found but before the gun was found. (Doc. #39, pp. 16-19.)

Defendant argues "that Miranda was read upon finding the gun, rather than upon finding the bullets." (Doc. #42, p. 12.)

As support for this proposition, defendant argues that Detective Nolen was forced to acknowledge that there was some pre-Miranda questioning, and was therefore unsure about whether defendant's statement that the bullets belonged to his boss was made before or after Miranda warnings. (Doc. #42, pp. 9-10.) The existence of some pre-Miranda questioning is consistent with the factual findings by the magistrate judge, who found that Deputy Nolan found the .38 rounds in a cigarette pack, approached defendant and asked why he had .38 rounds in a cigarette pack and if there was a gun as well as ammunition, all before defendant was handcuffed by Deputy Ellis, and then given Miranda warnings. (Doc. #39, pp. 6-7, 16-19.) Deputy Nolen testified on direct examination that there was brief questioning of defendant after he found the bullets but before Deputy Ellis advised defendant of his Miranda rights, which were given before the gun was found. (Doc. #31, pp. 38-41.) Deputy Nolen confirmed this testimony on cross examination, despite the failure of his report to contain that specific sequence. (Doc. #31, pp. 62-66.) Deputy Ellis confirmed the conversation after the bullets were found but prior to Miranda warnings, and confirmed that the warnings were given before the gun was located. (Id. at 129-133, 142-48.) Deputy Lebid also testified that Miranda warnings were read before the gun was found. (Id. at 176-77, 186-88.) In short, none of the three officers'

-4-

testimony support defendant's theory as to the timing of the Miranda warnings.[1]  Defendant's objection is overruled.

## C. Legally Valid Consent

Defendant objects to the magistrate judge's legal conclusion that his consent was valid.  He argues that Deputy Nolen's feeling that there was valid consent is not relevant, and that the absence of a consent form supports his contention that the government failed to meet its burden.  Defendant also argues that Deputy Nolen's phrasing of the question - did defendant have a "problem" with a search of the vehicle - created at least an ambiguity and was coercive.

The Court overrules these objections.  The magistrate judge recognized the correct legal standard, did not rely solely upon the how the deputy felt about the consent, and correctly noted that the testimony established the use of the term "problem" was followed up with clarifying questions to ensure defendant's understanding of what was being requested.  (Doc. #31, pp. 34, 36-37, 60-61.)  Under the facts of this case, the Court further agrees that there was nothing coercive in the phrasing of the questions.

---

[1]Defendant argues that the police report reflects that Miranda warnings were given after the gun was discovered.  The police report was discussed at some length during the testimony, and certainly does not compel the conclusion defendant suggests. Despite the report, all three officers testified to the sequence of the events and the magistrate judge properly found their testimony to be credible.

**D. Pre-Miranda Questioning**

Defendant also objects to the admissibility of conversations which all agree occurred prior to Miranda warnings. The magistrate judge found that defendant was not in custody at the time, so a lack of Miranda warnings did not require suppression.

Under Miranda, "evidence obtained as a result of a custodial interrogation is inadmissible unless the defendant had first been warned of his rights and knowingly waived those rights." United States v. Parr, 716 F.2d 796, 817 (11th Cir. 1983). "The requirement that an individual receive Miranda warnings before answering questions applies only when the individual is in custody." United States v. Torkington, 874 F.2d 1441, 1445 (11th Cir. 1989). In determining whether an individual is in custody, the test is whether a reasonable person "would have felt a restraint on his freedom equivalent to that normally associated with a formal arrest." Id. (quotation marks omitted). Generally, a person temporarily detained pursuant to an ordinary traffic stop is not "in custody" for the purposes of Miranda. Berkemer v. McCarty, 468 U.S. 420, 440 (1984). However, a stopped motorist is considered "in custody" if he is subjected to treatment during the traffic stop that amounts to a restriction of freedom to a degree associated with a formal arrest. See id. The Court agrees with the magistrate judge that there was no conduct in this case which would support a finding that defendant was in custody at the time

of the pre-Miranda conversations. The Court overrules the objection.

**E. Scope of Traffic Stop**

Defendant also objects to the finding that the officers did not exceed the proper scope of the traffic stop. The stop occurred at 8:08 p.m.; Miranda warnings were given at 8:30 p.m. In between, Deputy Nolen asked defendant for his license, registration, and insurance, and explained why he was being stopped; returned to his police vehicle and performed a check on the documents to make sure the license was valid; ran a criminal history through the dispatcher; determined whether there were outstanding warrants; exited his vehicle with the tint meter, calibrated it, performed a tint check of the front windows of defendant's vehicle and showed defendant the result; went back to his police vehicle and wrote a warning ticket at 8:20-8:25 p.m.; returned to defendant and gave him the warning, his license, registration and insurance, and discussed the illegal tint with defendant; and told defendant he was free to go. At that point the officer asked for permission to search the vehicle.

"[A]n officer's actions during a traffic stop must be reasonably related in scope to the circumstances which justified the interference in the first place," and the stop "may not last any longer than necessary to process the traffic violation unless there is articulable suspicion of other illegal activity." United States v. Purcell, 236 F.3d 1274, 1277 (11th Cir. 2001) (internal

quotation marks and citations omitted).  Asking questions while still in the process of writing out a citation, or awaiting the response of a computer check, or asking for consent to search are proper.  <u>Purcell</u>, 236 F.3d at 1279-80.  The Court finds that the actions taken by the officers between those times were properly related to the traffic stop, and a detention of approximately 22 minutes under the facts of this case was not unconstitutional. Therefore, this objection is overruled.

    After reviewing the Report and Recommendation and the transcript of the evidentiary hearing, the Court fully agrees with the findings of fact and conclusions of law made by the magistrate judge.  Accordingly, the Court will adopt the Report and Recommendation and will deny the motion to suppress evidence.

Accordingly, it is now

**ORDERED:**

1.  The Magistrate Judge's Report and Recommendation (Doc. #39) is **accepted and adopted**, and it is specifically incorporated into this Opinion and Order.

2.  Defendant's Motion to Suppress Evidence (Doc. #20) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this __24th__ day of July, 2009.

                                            _/s/ John E. Steele_
                                          JOHN E. STEELE
Copies:                            United States District Judge
U.S. Magistrate Judge
Counsel of Record